# Alexander Whyte and Tempest Alston
### 2225 Fifth Avenue, Apt. 11A, New York, NY

January 30, 2019

Honorable Sean H. Lane
United States Bankruptcy Judge
One Bowling Green
New York, NY 10004


RECEIVED
FEB U 4 2019
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

### Re: In re Manhattan River Group; Case No. 18-14125 (SHL)

Dear Judge Lane:

We are writing in response to a letter dated January 24, 2019 from Brian Hufnagel, an associate of Morrison and Tenenbaum, PLLC which is notice address for Manhattan River Group and is led by one of Manhattan River Group's managing members, Jerald Tenenbaum, regarding the above referenced chapter 11 case, which is in response to my letter dated January 22, 2019 requesting a lift of the automatic stay of such bankruptcy proceeding. Mr. Hufnagel's correspondence further supports my request for a lift of the automatic stay so we can proceed with filing breach of contract and false misrepresentations claims with the New York Supreme Court, as he not only misrepresents the facts of our dispute with Manhattan River Group a.k.a La Marina ("La Marina"), he states his client's position, being that they do not owe us our wedding venue deposit, is in direct conflict with how they allege they have and will handled the matter, being that they want to return us our wedding venue deposit.

As Brian so kindly reminds the court, I am an attorney duly admitted to practice in the state of New York, which thankfully so, as I could not imagine the confusion other individuals who contracted with them for a special event are feeling in light of the dishonest and apathetic behaviors of Jerald Tenenbaum and Joshua Rosen, the managing members of Manhattan River Group, throughout this entire process. Therefore, I am prepared and willing to provide evidence for all of my claims, as discussed further below.

On December 8, 2018, we received notice that the New York State Liquor Authority ("SLA") ordered an emergency suspension and will be seeking permanent revocation of La Marina's liquor license due to the safety risk it posed, as a bar manager employed at La Marina was arrested by the NYPD for felony trafficking drugs via the La Marina facilities. Additionally, during the NYPD's investigation surrounding such drug charges, they found that La Marina had violated seventy-two (72) state liquor laws. As such, we contacted our event coordinator at La Marina, Nancy Zuckerman, to discuss our great concerns about such legal issues facing the venue which we had provided $23,444.00, which Brian continually misrepresents in all of his bankruptcy filings as $22,444.00, to hold our wedding ceremony and reception. Ms. Zuckerman spoke to us briefly and strongly advised us to cancel our wedding and request our full deposit back from the owners, Jerald Tenenbaum and Joshua Rosen, as she believed they would act in good faith considering how special a wedding is and the uncertainty looming over La Marina's ability to remain open and hold the event. As such, we sent email and written correspondence to reflect such request. It should be noted that Ms. Zuckerman no longer is employed at La Marina, as there is no longer an events department due to La Marina being barred from hosting special events, more fully discussed below. Nonetheless, to date, we have never received a written

# Alexander Whyte and Tempest Alston

2225 Fifth Avenue, Apt. 11A, New York, NY

correspondence in response to our request for the return of our deposit. Please see attached correspondences as Exhibit "A".

Once we received no written responses from any person representing La Marina, we began relentlessly calling Jerald and Joshua, receiving no answer until we retained an attorney to begin communications. We received two phone calls from Joshua Rosen prior to the filing of this chapter 11 proceeding. To date, we have never spoken to Jerald Tenenbaum. In both phone calls we emphasized how their lack of response was disreputable. Not only did these behaviors cause us to distrust them but it was debilitating to our personal lives. As a young couple from meager means, we worked hard to save up enough funds to have a wedding, thus $23,444.00 is a significant amount of money to us as individuals. Further, we entered into a service contract with La Marina to host the best day of our lives. We did not cut a check to invest in their business, as Joshua Rosen so nastily implied on a second phone call indicating that us losing our life's savings by trusting them to honor our contract was "just business". Joshua Rosen did not provide any valid reassurance that he would act in good faith to return our deposit based in any trustworthy evidence supporting a guarantee in any written correspondence, let alone any phone call that we had. All Joshua Rosen did was dodge us and delay us from filing our lawful claims of breach of contract and false misrepresentations, as they knew and used their leverage of having complete control of all of our money, as well as knowing they had been planning to file for bankruptcy all along. Two days after our last phone call, in which Joshua Rosen threatened filing chapter 11 bankruptcy and backtracked after hearing my tearful pleas, claiming he's "working harder than I know" to get us our money, on December 20, 2018 Joshua Rosen filed for bankruptcy. Doesn't seem like an empty threat based on the timeline. Thereafter, he waited until the day after Christmas, six days later, to tell us he had filed for bankruptcy. Brian's description of such circumstances as "clearly frustrating" is a clear understatement. All phone calls referred to have been recorded and we are willing and able to submit them as evidence to the court.

Additionally, it should be noted and emphasized that no vocal reassurance regarding opening up La Marina holds any weight when there are countless reports of not only criminal activity taking place in La Marina but also reports that La Marina has breached their leasing contract with the New York Parks and Recreation Department, as well as violated at least eighty-eight regulations, including, but not limited to, health department and liquor authority regulations since July 2018. The SLA has stated they are seeking **permanent** revocation of their liquor license. What couple would want to host their wedding, hosting family, friends and colleagues, at a place that has such a reputation and is run by apathetic and dishonest owners, who have avoided clients, refusing to return the deposit, which can only lead such clients to believe that they have spent such funds to cover debts unrelated to any sort of service to be provided pursuant to the event contractual agreement? If they wanted so badly to make right on returning our deposit, as Brian Hufnagel so ineffectively alleges, why have they not done so? If they want to do so, we are willing to accept payment of such today and have been waiting for such payment since December 9, 2018.

As indicated in our written correspondence, dated December 10, 2018, our position is that Manhattan River Group has breached our event contract, dated February 1, 2018. Please see attached a copy of such contract as Exhibit "B". The terms of the contract provide that liquor is included. They are unable to serve liquor, as they do not have a valid liquor license and there is

# Alexander Whyte and Tempest Alston

2225 Fifth Avenue, Apt. 11A, New York, NY

no evidence of such license ever being reinstated, as the SLA has stated they are seeking **permanent** revocation of their liquor license. The terms of the contract provide that they are to host a special event, wedding ceremony and reception. They have been barred by their landlord, the New York City Parks and Recreation Department, from hosting any special events. As such, their argument that they can retain any portion of our deposit is baseless. There is no contract, as they are in breach. Additionally, pursuant to paragraph 21 of our event contract, La Marina is unable to obtain the required consent, which is from their landlord to host special events, and the required permit, which is their liquor license, in order to hold our wedding events. As such provision dictates, the contract may be terminated by the affected party, ourselves, and such entire deposit fee and any other fees are to be refunded to us.

Lastly, I would like to emphasis how gracious, patient and kind we have been throughout this process, even when the owners proved time and time again how dishonest they are and how much they did not care about us as clients or individuals. For Brian to imply that we are intending to harm wealthy and powerful business owners, who have knowingly and intentionally harmed us financially, emotionally and personally shows how Brian, Joshua and Jerald lack the moral integrity, and how Brian and Jerald, both attorneys, lack the legal and professional integrity that is the core of "conducting themselves accordingly" as practicing attorneys in the state of New York.

As demonstrated above, the Manhattan River Group and its representatives are dishonest, untrustworthy and lack sufficient evidence to support its able to re-open for business to not only pay for any of its debts, let alone host our wedding events. Further, Manhattan River Group has knowingly harmed us financially and emotionally, thus we should have the opportunity to have our grave concerns heard by the proper court. As such, we respectfully request that the automatic stay in this chapter 11 proceeding is lifted immediately.

Sincerely,

Tempest Alston, Esq.

cc: Brian J. Hufnagel, esq.
cc: Joshua Rosen
cc: Jerald Tenenbaum

**MEMORANDUM ENDORSED ORDER:**
The matter raised by this letter and related earlier correspondence is scheduled for a status conference on February 26, 2019 at 10:00 a.m. In the meantime, the parties are directed not to submit any further letters on this subject prior to the February 26, 2019 hearing.
SO ORDERED.
Dated: February 14, 2019
/s/ Sean H. Lane
United States Bankruptcy Judge